Vermont Superior Court
Filed 04/30/25
Orange Unit

| VERMONT SUPERIOR COURT | | CIVIL DIVISION |
|---|---|---|

**VERMONT SUPERIOR COURT**

Orange Unit

5 Court Street

Chelsea VT  05038

802-685-4610

www.vermontjudiciary.org



**CIVIL DIVISION**

Case No. 24-CV-05546

---

### Hope Clough et al v. Barbara Chatfield et al

## ENTRY REGARDING MOTION

Title: Motion for Extension of Time; Motion for Alternative Service with Certificate of Service;  (Motion: 5; 6)

Filer: Hope A. Clough; Michelle A Clough; Hope A. Clough; Michelle A Clough

Filed Date: April 14, 2025; April 24, 2025

The motion is DENIED IN PART.

In its March 26, 2025 Order, the Court explicitly required Plaintiffs to file returns of service with the Court for the various defendants that Plaintiffs claimed had been served or would be served pursuant to Rule 4 of the Vermont Rules of Civil Procedure.

To date, the Court has not received any returns of service for any Defendants in this matter.  Before any further extension is granted Plaintiffs must file with the Court either: (1) the **waiver of service form** signed by the particular defendant, or (2) the **formal return of service** provided to them by the process server who served the particular defendant pursuant to Rule 4 or the relevant rule of service for the state where the defendant resides.  Plaintiffs must file either the waiver of service

form or the formal return of service for each and every defendant in this matter, except for Mr. Terry and for the Estate of Claude Moulton. These documents must be filed with the Court on or before May 8, 2025. If these documents are filed, then the Court will grant the extension sought. If these documents are not filed, then the Court will dismiss this matter for a failure to establish that service has occurred and for failure to prosecute under V.R.C.P. 41(b).

*Motions for Alternative Service*

Plaintiffs also seek permission to serve Peter Terry and the Estate of Claude Moulton by alternative means. Plaintiffs' motion, which is not accompanied by an affidavit makes several representations. The Court will analyze them separately.

First, Plaintiffs claim that 14 V.S.A. § 1051 prevents them from personally serving the Estate of Claude Moulton as the Probate Court has exclusive jurisdiction over the administration of an Estate. Plaintiffs misinterpret this provision to mean that the Probate Division of the Superior Court or the Probate Registrar acts as an agent on behalf of the estate.

Under 14 V.S.A. § 1401, executors and administrators of an estate may either sue or defend claims that "are necessary for the recovery and protection of the property or rights of the deceased . . . ." Moreover, 14 V.S.A. § 1451 allows such actions concerning the conversion, trespass, or for damages to the real or personal

estate of the decedent to survive and be brought either by or against the executor or administrator of an estate. *Estate of Kuhling by Kuhling v. Glaze*, 2018 VT 75, ¶ ¶ 13–16. Such claims are litigated in the civil division, and they are brought by or against the executor or administrator for the estate. Id. at ¶ ¶ 1, 12–16; see also 14 V.S.A. § 1453 ("Actions based thereon may be commenced and prosecuted by or against the executor or administrator.").

Based on these statutes, Plaintiffs are obligated to serve the executor/administrator of the estate who would act to defend the estate. It is unclear what Plaintiffs see as a barrier to effectuating such service. They appear to want to perform such service themselves, but as the Court has previously noted, Vermont Rule of Civil Procedure 4(c) does not allow the Plaintiffs to serve other parties. Service must be performed "by a sheriff or deputy sheriff, by a constable or other person authorized by law, or by some indifferent person specially appointed for that purpose by any superior judge . . . ." V.R.C.P. 4(c).

Part of the problem may arise from Plaintiff's second issue, which concerns service on Peter Terry. As part of their motion for alternative service, Plaintiffs claim that they have been obstructed by the Orange County Sheriff's Office. Plaintiffs represent that after repeated inquiries the Sheriff's Office has subjected them to "verbal intimidation and threats of criminal harassment" and have not provided them with either a return of service or update on service.

Setting aside the lack or affidavit, Plaintiffs motion does not demonstrate a breakdown in the service process. Plaintiffs' concerns about this issue may arise from a misunderstanding. When this Court sets a deadline for service, it is binding only on Plaintiff. It is not binding on the process server. If service appears to be taking longer than the time set out by the Court, then it is the plaintiff's duty to motion the Court for an extension and citing the delay in service. While it is the Court's presumption that the Sheriff's Office acts to serve defendants in a timely manner, it is also not uncommon for such duties to be delayed or require extensions of time. In such cases, the remedy is simply to grant an extension and deliver the extension to the Sheriff to make them aware and to add it to the service packet.

At this time, this time, the Court does not find good grounds to either suspend or to go around the rules of formal process.[1] As the Court has indicated in prior decisions, the need for service is two-fold. It is a form of notice to the defendant, but it is also a formal assertion of jurisdiction, and if the defendant does not voluntarily agree to such jurisdiction, it must be formally asserted through service. This is not something that the Court will lightly waive of excuse Plaintiffs from obtaining. It is one of the first and most necessary steps to bring a matter before the Court for adjudication.

---

[1] While the Court is providing some flexibility on this matter, Plaintiffs must comply with the Rules of Service for this matter to advance, and their lack of compliance with such rules does not constitute a failure of due process or basis to avoid the rules. See *Zorn v. Smith*, 2011 VT 10, ¶ 22 (noting that while pro se litigants receive some leeway, they are bound by the rules of civil procedure).

For these reasons, the Court **Denies** Plaintiff's motion for either waiver of service or alternative service on both Peter Terry and the Estate of Claude Moulton. Both parties must be formally served.

The Court reserves on the issue of extending the time for service until Plaintiffs can present the waivers or returns of service for the other Defendants in this matter.

## ORDER

Based on the foregoing, Plaintiffs' Motion for Alternative Service is **Denied.** Plaintiffs' Motion for an extension of time is taken under advisement pending Plaintiffs' filing of all other returns of service or waivers of service that they have obtained. Plaintiffs have until May 8, 2025 to file the signed waivers of service or returns of service for all defendants in this matter, except for Peter Terry and the Estate of Claude Moulton. If such returns and waivers are not filed, then the Court will dismiss the present action under V.R.C.P. 41(b). If the returns and waivers are filed, then the Court will rule on Plaintiffs' motion to enlarge the time for service.

Electronically signed on 4/28/2025 1:27 AM pursuant to V.R.E.F. 9(d)

Daniel Richardson
Superior Court Judge